Filed 11/22/21  P. v. McPherson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C092664 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17F2284, 17F2815, 17F3120, 19F1509, 19F7683) |
| v. | |
| MICHAEL ROBERT MCPHERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Robert McPherson has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

*Cases sentenced in 2017*

In Shasta County Superior Court case No. 17F2284, on April 14, 2017, officers found defendant and a woman in a car, which he appeared to be using as a residence. Defendant had baggies, knives, a hypodermic needle, and a container with 3.2 grams of methamphetamine and 1.3 grams of heroin. In the car were nine cell phones, a digital scale, hypodermic needles, burglary tools, and a pellet gun. Defendant was arrested.

That same month, defendant was charged with possession of heroin for sale (count 1; Health & Saf. Code, § 11351), possession of methamphetamine for sale (count 2; Health & Saf. Code, § 11378), possession of an opium pipe (count 3; Health & Saf. Code, § 11364, subd. (a)), and possession of burglary tools (count 4; Pen. Code, § 466). As to counts 1 and 2, it was further alleged that he had five prior prison terms (Pen. Code, § 667.5, subd. (b)) and three prior narcotics convictions (Health & Saf. Code, § 11370.2, subd. (a)).

In Shasta County Superior Court case No. 17F2815, on April 1, 2017, a woman confronted defendant as he was trying to steal her car. The woman called the police, and defendant fled the scene.

In May 2017, defendant was charged with theft of a vehicle with a prior conviction (count 1; Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5) and receipt of a stolen motor vehicle with a prior conviction (count 2; Pen. Code, §§ 496d, subd. (a)/666.5). It was further alleged defendant had five prior prison terms. (Pen Code, § 667.5, subd. (b).)

In Shasta County Superior Court case No. 17F3120, in June 2017, police found defendant standing next to a stolen car. Defendant was arrested and admitted to police that he had driven the car to where police found it.

That same month, defendant was charged with receipt of a stolen vehicle with a prior conviction (count 1; Pen. Code, §§ 496d, subd. (a)/666.5) and theft of a vehicle with a prior conviction (count 2; Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5). It was

2

further alleged defendant had five prior prison terms (Pen Code, § 667.5, subd. (b)) and had committed the current offenses while on bail or release (Pen. Code, § 12022.1).

In June 2017, defendant pleaded as follows: (1) in case No. 17F3120, no contest to count 2 and admit two of the prior prison term enhancements and one prior narcotics conviction enhancement; (2) in case No. 17F2815, no contest to count 1; (3) in case No. 17F2284, no contest to count 1 and admit two prior narcotics conviction enhancements. The remaining counts and enhancements in all three cases were dismissed. Per the parties' agreement, the trial court in July 2017 sentenced defendant to a 13-year split sentence, with four years in county jail. (Pen. Code, § 1170, subd. (h).) Defendant was ordered to pay a $120 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), $90 criminal conviction assessment fee (Gov. Code, § 70373), $900 restitution fine (Pen. Code, § 1202.4, subd. (b)), corresponding $900 supervision revocation fine (suspended unless supervision is revoked) (Pen. Code, § 1202.45, subd. (b)), $151 booking fee, and $250 presentence report fee (Pen. Code, § 1203.1b, subd. (a)). With respect to case No. 17F2284, defendant was ordered to pay a criminal laboratory analysis fee of $195. (Health & Saf. Code, § 11372.5; Pen. Code, §§ 1464 & 1465.7; Gov. Code, §§ 76104.6, 76104.7, 70372, subd. (a)(1), & 76000, subd. (a)(1).)

*Cases sentenced in 2019 and 2020*

In Shasta County Superior Court case No. 19F1509, defendant was charged in March 2019, with knowingly bringing methamphetamine into jail. (Pen. Code, § 4573.) It was further alleged defendant had five prior prison terms. (Pen. Code, § 667.5, subd. (b).) That same month, defendant pleaded no contest to the principal charge. Per the parties' agreement, defendant was sentenced to an 11-year split sentence, with four years in county jail. This term included resentencing in case Nos. 17F3120, 17F2815, and 17F2284. Defendant was ordered to pay a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), $30 criminal conviction assessment fee (Gov. Code, § 70373), $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), and a corresponding $300 supervision

revocation fine (suspended unless supervision is revoked) (Pen. Code, § 1202.45, subd. (b)). Previously ordered fees and fines were reimposed.

In Shasta County Superior Court case No. 19F7683, defendant was charged in December 2019, with felony carrying a dirk or a dagger (count 1; Pen. Code, § 21310), misdemeanor possession of heroin (count 2; Health & Saf. Code, § 11350, subd. (a)), misdemeanor resisting an officer (count 3; Pen. Code, § 148, subd. (a)(1)), misdemeanor possession of methamphetamine (count 4; Health & Saf. Code, § 11377, subd. (a)), and operating a bicycle without a lamp (count 5; Veh. Code, § 21201, subd. (d)). In February 2020, defendant pleaded guilty to count 1, in exchange for dismissing the remaining charges and serving the remainder of his term of mandatory supervision. Defendant admitted he violated probation in committing the instant offense.

During a hearing on April 30, 2020, the trial court revoked mandatory supervision and ordered defendant to serve the remainder of his sentence in custody (about five and a half years).

On August 24, 2020, defendant moved to recall his sentence pursuant to section 1170 and reinstate him on mandatory supervision. Defendant argued there had been an increase in COVID-19 cases in the jail facilities. Defendant stated he suffered from a serious respiratory disability where he could only breathe through a stoma, making it difficult for him to employ protective measures and placing him at higher risk for serious complications from the disease. The trial court denied defendant's motion, reasoning (1) defendant had failed to establish a sufficient foundation requiring resentencing, and (2) the jail was doing a "great job" of keeping inmates and staff "safe." Defendant also requested new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, but the trial court denied his request as moot.

Defendant appealed from the trial court's denial of his motion to resentence. He did not seek a certificate of probable cause.

4

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                  /s/
                                          RAYE, P. J.

We concur:


    /s/
ROBIE, J.


    /s/
HOCH, J.